Filed 10/19/20  P. v. Ortega CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G058355 |
| v. | (Super. Ct. No. 159577POF) |
| CARLOS IVAN ORTEGA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Patrick Donahue, Judge.  Reversed and remanded.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

1. *Introduction*

Carlos Ivan Ortega appealed from a postjudgment order denying his petition for resentencing made pursuant to Penal Code section 1170.95 (section 1170.95), which was enacted as part of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018,

ch. 1015, §§ 2-4).  The trial court denied the petition on the ground that Senate Bill No. 1437 violated the California Constitution.  We conclude Senate Bill No. 1437 is constitutional and therefore reverse with directions to consider the petition on the merits.

2. *Background*

In 2005, a jury found Ortega guilty of one count of first degree murder (Pen. Code, §§ 187, subd. (a), 189, subd. (a)), one count of first degree burglary (*id.*, §§ 459, 460, subd. (a)), and one count of first degree robbery (*id.*, §§ 211, 212.5).  The trial court sentenced Ortega to a prison term of 25 years to life for the murder conviction, and stayed imposition of sentence on the other counts pursuant to Penal Code section 654.  A panel of this court affirmed the judgment against Ortega in *People v. Ortega* (Jan. 31, 2007, G036839) (nonpub. opn.), which sets out the underlying facts of this case.

In 2018, the Legislature enacted Senate Bill No. 1437, which limited accomplice liability under the felony murder rule and the natural and probable consequences doctrine by amending Penal Code sections 188 and 189.  (See *People v. Solis* (2020) 46 Cal.App.5th 762, 768 (*Solis*); *People v. Cruz* (2020) 46 Cal.App.5th 740, 755 (*Cruz*).)  Senate Bill No. 1437 also added section 1170.95 to create a procedure by which persons previously convicted of felony murder or murder under a natural and probable consequences theory may petition the superior court to have their murder convictions vacated and be resentenced if they could not now be convicted of murder under the amended versions of Penal Code sections 188 and 189.  (*Solis, supra*, at p. 775; *Cruz, supra*, at p. 753.)

In January 2019, Ortega filed a petition for resentencing pursuant to section 1170.95.  He alleged that he had been convicted of murder pursuant to the felony murder rule or the natural and probable consequences doctrine and that he satisfied the other requirements for relief.

In September 2019, the trial court denied Ortega's petition.  The court concluded that Senate Bill No. 1437 violated article II, section 10, subdivision (c) of the

2

California Constitution by materially amending Proposition 7, which was passed by the electorate in 1978, and Proposition 115, which was passed by the electorate in 1990.  The court did not consider the petition on its merits.  Ortega timely appealed.  Respondent has not appeared in this appeal.

3. *Analysis*

We conclude, as has every published opinion addressing the issue, that Senate Bill No. 1437 does not amend Proposition 7 or Proposition 115 and, therefore, does not violate the California Constitution.  We reach our conclusion on the basis of the reasoning of *Solis, supra*, 46 Cal.App.5th at pages 769, 775-784 and *Cruz, supra*, 46 Cal.App.5th at pages 747, 754-761.  We need not repeat the analysis of these cases and other cases to conclude that Senate Bill No. 1437 does not amend Proposition 7 or Proposition 115.

4. *Disposition*

The postjudgment order denying Ortega's petition for resentencing pursuant to section 1170.95 is reversed and the matter is remanded to the trial court with directions to consider the merits of the petition.


FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.


3